IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSE DIAZ,

                Plaintiff,                              OPINION AND ORDER

v.

                                                          19-cv-184-wmc

MRS. JAMIE BARKER,

                Defendant.

*Pro se* plaintiff Jose Diaz, a prisoner at Stanley Correctional Institution ("Stanley"), filed this lawsuit under 42 U.S.C. § 1983, against defendant Jamie Barker, a Health Service Unit ("HSU") manager at Stanley. Diaz is proceeding against Barker on claim that she violated his Eighth Amendment rights by providing him the wrong diabetic shoes in April 2016, and then not ensuring that he underwent a recommended surgery in May 2017. Now before the court is Barker's motion for summary judgment on the ground that Diaz failed to exhaust his administrative remedies with respect to this claim. (Dkt. #18.) The undisputed evidence of record shows that Diaz failed to follow the procedures available to him to properly exhaust his administrative remedies with respect to his claim against Barker. Accordingly, the court will grant Barker's motion, dismiss Diaz's claim against her without prejudice and close this case.

OPINION

Section 1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Generally, to comply with §

1997e(a), a prisoner must "properly take each step within the administrative process" that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The purpose of the PLRA exhaustion requirement is to give prison administrators a fair opportunity to resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust administrative remedies before filing a lawsuit, the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that a plaintiff failed to exhaust, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Furthermore, inmates are required to exhaust only those administrative remedies that are available to them; administrative remedies become "unavailable" to prisoners when prison officials fail to respond to a properly filed grievance. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

In Wisconsin, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner ("ICE") within 14 days of the occurrence giving

rise to the complaint. Wis. Admin. Code § DOC 310.09(6).[1] The inmate complaint must "clearly identify the issue" that the inmate seeks to raise. *Id.* § 310.09(1)(e). If the complaint is not rejected, the ICE must make a recommendation to the reviewing authority, who in turn renders a decision. *Id.* §§ 310.11(11), 310.12. If that decision is unfavorable to the inmate, the inmate still may appeal to the corrections complaint examiner ("CCE"). *Id.* § 310.13. Appeals to the CCE must be filed within ten days, unless good cause is shown for an untimely filing. *Id.* § 310.13. The CCE then makes a recommendation to the Secretary of the Department of Corrections, who will take final action on the complaint. *Id.* §§ 310.13, 310.14.

In this lawsuit, Diaz is proceeding against Barker based on his allegations that he wrote to her numerous times about his foot issues, and she ignored his complaints. Specifically, he claims that he received the wrong diabetic shoes in April 2016, and in May 2017, someone recommended him for foot surgery and Barker ignored that need. However, Diaz has filed just one inmate complaint at Stanley, SCI-2018-24633, which was not received in the Inmate Complaint Examiner Office until November 29, 2018. In that inmate complaint, Diaz alleged that he had been complaining about foot issues since November 5, 2016, and that:

> I was seen by an outside Dr. who recommended diabetic shoes other than the one's provided here by the state. The state provided shoes has caused me severe pain and suffering for the past 3 years. Clearly, Mrs. Barker, HSU Manager, has failed to direct her staff to treat me correctly, violating my 8th

---

[1] In 2018, a new version of Wis. Admin. Code § DOC ch. 310 went into effect. Most provisions remain the same, but the numbering has changed. Since the events comprising Diaz's claims took place in 2016 and 2017, the court refers to the previous version from December 2014.

3

Amendment rights.

(Ex. 1001 (dkt. #21-2) 8.)  Diaz attached to that complaint several Health Services Requests dated between October 6, 2016, and June 14, 2017, as well as a letter he wrote Barker, dated April 26, 2018.  (*Id.* at 10-22.)

On November 29, 2018, the ICE rejected SCI-2018-24633 because Diaz filed it beyond the 14-day calendar limit.  On December 11, 2018, the ICE Office received a Request for Review of Rejected Complaint from Diaz, in which Diaz wrote that the complaint procedure is difficult, and that Diaz speaks Spanish.  On December 26, 2018, the Reviewing Authority rejected Diaz's appeal as untimely because Diaz filed his appeal beyond the 10-day calendar limit he had to submit an appeal.

Diaz does not dispute that he failed to submit an inmate complaint regarding Barker's 2016 or 2017 actions until this November 2018 inmate complaint.  Instead, Diaz argues in opposition that defendant fails to mention the requirement that he follow the chain of command before filing an inmate complaint, suggesting that his various communications with Stanley staff about his concerns demonstrate his efforts to follow the exhaustion procedures available to him.  Yet the evidence does not support such a finding.

As an initial matter, in support of his theory of exhaustion, Diaz submits a document dated August 2021, which appears to have been created by Stanley or DOC officials and outlines the steps that inmates should take when seeking information/interview requests.  (*See* dkt. #23-2.)  That document also includes a warning that "Inmates must try to resolve issues through the Chain of Command before filing a complaint in accordance with DOC 310."  (*Id.* at 3.)  Although Diaz does not submit evidence that this document was provided to him back in 2016 and 2017 when the events

4

comprising his claim occurred, Wisconsin's exhaustion procedures *do* permit the ICE to return an inmate complaint with directions that the inmate attempt to informally resolve the dispute, *see* Wis. Admin. Code § DOC 310.09(4). Still, even assuming this chain of command requirement applied in 2016 and 2017, Diaz has not attested that he was attempting to follow the chain of command during the *entire* period of time between Barker's allegedly wrongful actions in 2016 and 2017, and when Diaz finally filed an inmate complaint about her at the end of 2018. Nor could he do so in good faith, based on the timing of his alleged attempts to follow the chain of command.

Indeed, the procedures Diaz cites direct that if an inmate has not received a response after waiting seven days, the inmate may contact the next and subsequent level. Yet Diaz has not explained why, if his 2016 and 2017 Health Service Requests were in fact efforts to informally resolve his claim against Barker about diabetic shoes prior to filing an inmate complaint, he did not complete the chain of command process within a few weeks of those requests. In fact, those communications show that Diaz effectively raised his concerns about his diabetic shoes with Barker and Richardson by December of 2016 (*see* dkt. #21-1, at 16, 17), so it appears he completed the chain of command process by that point, but he still waited another two years to submit his inmate complaint about the shoes. Moreover, in Diaz's April 2018 letter to Barker, he did not even raise concerns about his footwear or need for surgery (*id.* at 22), so there is no reason to infer that this letter somehow reflects an ongoing effort to informally resolve his dispute with her. Accordingly, Diaz's chain of command defense to non-exhaustion must fail.

In any event, Diaz does not acknowledge his failure to timely appeal the rejection of the inmate complaint he eventually filed in November of 2018. There is no dispute that

5

his Request for Review of Rejected Complaint was not received until 12 days after it was rejected, which was two days late. *See* Wis. Admin. Code. § DOC 310.11(6). Accordingly, defendant has proven that Diaz has failed to exhaust his administrative remedies with respect to his claim against her, and she is entitled to summary judgment in her favor. Diaz's Eighth Amendment claims against Barker will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). The court, however, understands that this dismissal will function as one with prejudice, since it would be too late for Diaz to exhaust his claims in this lawsuit now. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

## ORDER

IT IS ORDERED that:

1. Defendant Jamie Barker's motion for summary judgment (dkt. #18) is GRANTED.

2. Plaintiff's Eighth Amendment claim against defendant Barker is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 1st day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge